UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

GARDNER, ROBERT,

        Plaintiff,

v.

BOARD OF TRUSTEES OF
MICHIGAN STATE UNIVERSITY,
and LOU ANNA K. SIMON,

        Defendants.

Case No. 1:12-cv-01018

Hon. Paul L. Maloney
U.S. District Judge

Robert Gardner
Pro Se
1625 Grovernburg Rd.
Holt, MI 48842

Michael J. Kiley (P26387)
Attorney for Defendants
426 Auditorium Rd., Room 494
East Lansing, MI 48824
(517) 353-3530
kiley@msu.edu

               /

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, by counsel, answer the Complaint as follows:

The first introductory paragraph, in which Plaintiff faults Defendants for his failures in the employment and education realms, is vague and does not allow a meaningful response, and the second introductory paragraph is incoherent and does not allow response.

    1.-10.    The allegations are admitted.

    11.    Defendants neither admit nor deny the averments for lack of information sufficient to form a belief as to same.

    I.    A-C.    The allegations and averments are denied as untrue and erroneous.

  D.  The averment is admitted.

  E.  The averment, as stated, is not accurate; Defendants admit that the Court ruled that allegations related to the Native American Institute were not properly before the Court.

II.  Defendants deny the introductory sentences as untrue and erroneous.

  1. Defendants neither admit nor deny the first two sentences for lack of information sufficient to form a belief as to same, except to deny as flatly untrue that Plaintiff had a supervising professor. As regards the last three sentences, without presuming to speak to the workings of Plaintiff's mind, the allegations are denied as untrue.

  2. Defendants neither admit nor deny the first two sentences for lack of information sufficient to form a belief as to same, and as to the third sentence, they deny that MSU counsel falsely stated anything as to Plaintiff and admit Plaintiff posed as a professor.

  3. Defendants deny the first sentence as untrue and erroneous and as to the second sentence deny that the named individual has had any ambition related to Plaintiff.

  4-6. Defendants neither admit nor deny the allegations for lack of information sufficient to form a belief as to same.

III.  Defendants neither admit nor deny the allegations and averments for lack of information sufficient to form a belief as to same, except to deny, upon information and belief, any implied impropriety by an unidentified attorney with unspecified "MSU" connections.

IV.  Defendants deny the introductory blurb as Plaintiff alone failed 15 years ago.

  Defendants deny the allegations, including characterizing Plaintiff's graduate student experience as an "academic career", as untrue and erroneous, except as to his "arrest".

II (pp 11-12) "Current Events"

  1-5. Defendants deny that supposed events in 2008 and 2009 are "current" and

2

otherwise deny the allegations as untrue and erroneous, particularly Plaintiff's allusions to his "Ph D" or "Ph D program" as Plaintiff failed to move beyond a master's level degree.

  6. Defendants neither admit nor deny the allegation as it is so vague as to not permit any other response, except to deny as untrue that Plaintiff had a "supervising professor".

  7-9. Defendants deny the allegations as untrue and erroneous.

  10. Defendants neither admit nor deny the first sentence, for lack of information sufficient to form a belief as to same, and deny the second sentence, upon information and belief.

  11. Defendant denies the allegation as untrue and erroneous.

  12. Defendants neither admit nor deny the allegation as it is so vague.

Count I ("Retaliation under Title VII"), p 13: Defendants deny the allegations and averments as untrue and erroneous.

Count II ("Elliott-Larsen Act"), p. 14: Defendants restate their response to Count I.

Count III ("42 USC § 1983), p. 15: Defendants restate their response to Count I and further state that Plaintiff's allusion to "his doctorate and employment" is an obdurate fantasy.

Count IV ("42 USC § 1985), p. 16): Defendants restate their response to Count I.

Count V ("Tortious Interference"), p. 17: Defendants restate their response to Count I.

Count VI ("Retaliatory Harassment"), p. 18: Defendants restate their response to Count I, except to admit as true the first sentence of subparagraph 2, and to move to strike the whimsical narrative at subparagraph 3 as odd and impertinent.

Count VII ("Breach of Contract"), p. 19: Defendants restate their response to Count I.

Count VIII ("FOIA"), p. 20: Defendants admit, upon information and belief, the allegation at subparagraph 2 and otherwise restate their response to Count I.

## AFFIRMATIVE DEFENSES

First, **Limitation of Actions**. Plaintiff's claims, insofar as they accrued before the beginning of the limitations period, September 21, 2009, are untimely and are barred.

Second, **Res Judicata.** Plaintiff is estopped from setting forth putative claims that were or could have been brought in his past lawsuits against these same defendants; further,\ Plaintiff may not declare as "history" allegations related to his past failed claims.

Third, **Sovereign Immunity.** Defendants University and Simon, in her official capacity, are immune from suit under the Eleventh Amendment to the U.S. Constitution, except insofar as Plaintiff's putative claims enforce rights under the Fourteenth Amendment.

Fourth, **Governmental Immunity.** Defendants are immune from tort liability as their activities are authorized by law, per M.C.L. § 691.1401, *et seq.*, and no exception applies as regards the putative tort theory at Count V of the Complaint.

Fifth, **Unclean Hands.** Plaintiff has engaged in a pattern of bad faith conduct towards Defendants for two decades, rather than take responsibility for his failures in life, and he has no call on the Court's equitable conscience.

WHEREFORE, Defendants pray for dismissal, with prejudice and with costs.

Dated: February 1, 2013

Michael J. Kiley
Attorney for Defendants