UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

GARDNER, ROBERT,

        Plaintiff,                               Case No. 1:12-cv-01018

v.                                                Hon. Joseph G. Scoville
                                                     Magistrate Judge

BOARD OF TRUSTEES OF
MICHIGAN STATE UNIVERSITY,
and LOU ANNA K. SIMON,

        Defendants.

_____/

Robert Gardner
Pro Se
1625 Grovernburg Rd.
Holt, MI 48842

Michael J. Kiley (P26387)
Attorney for Defendants
426 Auditorium Rd., Room 494
East Lansing, MI 48824
(517) 353-3530
kiley@msu.edu

_____/

**PROPOSED JOINT STATUS REPORT**

    Defendants propose this Report if this matter goes forward:

    1.  <u>Jurisdiction</u>:  Plaintiff invokes the Court's federal question jurisdiction, per 28 U.S.C. § 1331 and its supplemental jurisdiction per 28 U.S.C. § 1367. Jurisdiction is not contested.

    2.  <u>Non-jury</u>:  While "jury demand" appears in the Complaint caption, none is demanded.

    3.  <u>Judicial Availability</u>:  The parties agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. <u>Geographic Transfer</u>:   A transfer for geographic convenience is not warranted.

5. <u>Statement of the Case</u>   Plaintiff avers that in retaliation for civil rights complaints he filed against "Defendant" and for "having been forced to implement his affirmative action program she opposed and does not want expanded, and her later knowledge that her action were leading to this action that could endanger her own career. Plaintiff avers that her actions and leadership have augmented a discrimination that pre-exists with MSU's agriculture employer focus and directed against him, given the position of the Defendant and the nature of Plaintiff's work with migrant farm workers and the minority agriculture population that the MSU administration is on record for opposing." Complaint, introductory statement.

Defendant submits that Plaintiff, whom Defendant University dismissed from graduate study 15 years ago, has assumed the status of a serial litigant who manufactures fantasy disputes that facilitate Plaintiff's ability to avoid facing his professional failings. It is a bad faith claim.

6. <u>Pendent State Claims</u>;   The Complaint adverts to putative tort and breach of contract claims, and a violation of Michigan's statutory civil rights law.

7. <u>Joinder of Parties and Amendment of Pleadings</u>: No such motions are indicated.

8. <u>Disclosures and Exchanges</u>;   (i) Fed. R. Civ. P. 26(a)(1) requires initial disclosure unless the Court orders otherwise. Defendants do not know of pertinent documents.

(ii)   Plaintiff expects to name and furnish Defendants the names of any expert witnesses by April 5, 2013, and Defendants expect to reciprocate by May 31, 2013.

(iii)   It would be advisable in this case to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2) within 14 days after experts are named.

(iv)   The parties have not agreed that there are documents warranting production.

9. <u>Discovery</u>:   The parties believe that all discovery can be completed by July 1, 2013.

10. <u>Discovery of Electronically Stored Information</u>:   There is no such information.

11. <u>Assertion of Claims of Privilege or Work-Product Immunity After Production</u>: No such issues are known or anticipated.

12. <u>Motions</u>: The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed. All motions shall affirmatively state whether the motion will be opposed and the efforts of the moving party to comply with the obligation created Rule 7.1(d).

13. <u>Alternative Dispute Resolution</u>: Defendants see no possible benefit to such efforts.

14. <u>Length of Trial</u>: The parties estimate that a trial would last one or two days.

15. <u>Prospects of Settlement</u>: The prospects are nil.

16. <u>Other</u>: There are not special characteristics.

This proposed Report is approved by Defendants

Respectfully submitted,

Dated: March 4, 2013

_____
Michael J. Kiley
Attorney for Defendants

3