UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

GARDNER, ROBERT,

    Plaintiff,

v.

BOARD OF TRUSTEES OF
MICHIGAN STATE UNIVERSITY,
and LOU ANNA K. SIMON,

    Defendants.

Case No. 1:12-cv-01018

Hon. Joseph G. Scoville
Magistrate Judge

_____

Robert Gardner
Pro Se
1625 Grovernburg Rd.
Holt, MI 48842

Michael J. Kiley (P26387)
Attorney for Defendants
426 Auditorium Rd., Room 494
East Lansing, MI 48824
(517) 353-3530
kiley@msu.edu
_____/

### DEFENDANTS' MEMORANDUM OPPOSING MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS

Defendants Michigan State University Board of Trustees ("MSU") and Lou Anna K. Simon, by counsel and per W.D. Mich. LCivR 7.3, oppose Plaintiff's captioned Motion.

**I.    Concise Statement of Reasons**

The day that Plaintiff filed his motion Defendants supplemented their response to the subject discovery requests, just as defense counsel had informed Plaintiff days earlier by email. Plaintiff's proper document discovery requests have been met. Plaintiff states "These documents are required by Plaintiff to amend the complaint . . .", Motion, introduction (ECF 23). Plaintiff

is using the discovery process for a purpose other than to secure information that may reasonably be expected to lead to admissible evidence. That he is disappointed is virtually inevitable.

## II. Background Considerations

Sixteen years ago, on May 2, 1997, Plaintiff brought the first of several lawsuits against MSU, see *Gardner v MSU, et al*, Ingham Cir. No. 97-86072-CZ. He here avers that Defendants are "preying on Plaintiff's lack of political standing and legal training". Motion (ECF 23). Plaintiff has been around the legal block far too many times to play the naïve card. He ought to be held to account for violating governing page limitations so as to award himself an improper advantage. He ought properly be held to account for castigating opposing counsel and for employing rhetorical hyperbole as though it were a proper alternative to fact-based argument.

On April 15, 2013, Plaintiff complained by email to defense counsel that the response to Plaintiff's document discovery requests was incomplete, and defense counsel replied:

Mr. Gardner

Yes, there was an inquiry bearing on information related to applicants for the Native American Institute position with respect to which I indicated there may be more information. I am actively pursuing that and I will get back with you on it yet this week. In this regard, I appreciate your patience.

Michael Kiley

Defense counsel certifies that the quoted message is accurately stated. On April 22, 2013, Defense counsel sent Plaintiff Defendants' Supplemental Response to Plaintiff's First Request for Production of Documents, with 60 pages of material bearing directly on the candidate selection process for the Native American Institute staff position that is the centerpiece of Plaintiff's legal action. See Supplemental Response, tab 1. Plaintiff neither included the email message with the voluminous filing in support of his motion, nor forthrightly dealt with defense counsel's stated commitment to supplement the record. He quick filed his motion.

## III. Argument

Plaintiff's document requests are problematic, generally. In many instances, odd phrasing, tacit assumptions, and characterizations combine with incomplete language choices that render a phrase or sentence incoherent. Such leaves the reader to wonder as to the intended meaning. (Defense counsel has faced this same quandary in the context of grievances and internal complaints Mr. Gardner generated beginning even *before* his 1997 lawsuit against MSU.) For example, consider request items 5 and 6, following:

> 5. This includes any communication from Dr. Klomparens, Mr. Kiley interacting with or authorizing others to interact with MSU faculty and staff members regarding Plaintiff.
>
> 6. Any and all communications from and to MSU Prof Emeritus Roger Mellenberger, Plaintiff's parents, Robert and Paulita Gardner, and the office of the General Counsel.

See Exhibit 1 to Motion. Putting aside that neither Mellenberger nor Plaintiff's parents are mentioned or referenced in the Complaint, and that Klomparens is named in connection with a 2008 admissions application that has no relevance, the clauses simply do not make sense.

Several of the subject document requests reach into broad areas that do not pertain to this action; see, e.g., item # 8, by which Plaintiff seeks a ton of paper bearing on the Migrant Farm Worker Student Recruitment (CAMP) Initiative; also, e.g., material, dating to 1999, about Plaintiff's reapplications to graduate school. Statute of limitation considerations aside, the merit of such a claim would be subject to *res judicata*.

Defendants produced civil complaints in which retaliation claims were asserted against MSU, but neglected to respond to a part of that request that referenced complaints filed with the Michigan Department of Civil Rights. However, Plaintiff affirmatively states, "It is also worthy to note that the MDCR has never, ever found in favor of a complainant let alone litigated a

3

complaint against MSU." Motion, p. 4 (ECF 23). Defendants submit that complaints by others that a neutral agency has not found to have merit cannot lead to admissible evidence.

### IV.  Conclusion and Relief Requested

The sole concrete claim stated in the Complaint is MSU's alleged discrimination and retaliation in not hiring Plaintiff, in 2011, for a staff position in its Native American Institute. Defendants have produced all the existing documents that are arguably responsive. Plaintiff, who has not responded to Defendants' 12 discrete discovery requests from last March, has no call on the Court's beneficial discretion. Indeed, Defendants should be awarded attorney fees.

Respectfully submitted,

Dated:  April 29, 2013

Michael J. Kiley
Attorney for Defendants

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

GARDNER, ROBERT,

        Plaintiff,

v.

BOARD OF TRUSTEES OF
MICHIGAN STATE UNIVERSITY,
and LOU ANNA K. SIMON,

        Defendants.

Case No. 1:12-cv-01018

Hon. Paul L. Maloney

Hon. Joseph G. Scoville
Magistrate Judge

Robert Gardner
Pro Se
1625 Grovernburg Rd.
Holt, MI 48842

Michael J. Kiley (P26387)
Attorney for Defendants
426 Auditorium Rd., Room 494
East Lansing, MI 48824
(517) 353-3530
kiley@msu.edu

                /

### DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFF'S
### FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants, by counsel and per Fed. R. Civ. P. 34, supplement their initial response to item 7 of the captioned discovery requests, dated April 12, 2013, with supplemental material bearing on the Research Outreach Specialist position, at tabs 1-5, as follows:

1. Specialist Position Description – 5 pages

2. Posting Summary and Applicant List – 6 pages

3. Interview questions and related emails – 3 pages

4. Candidate submissions – 42 pages

5. R. Gardner letter, with rough notes, from Mary Calacterra

These materials were provided by Lauren Marinez (Hum Res) and Mary Calcaterra (NAI).

Dated: April 22, 2013

_____
Michael J. Kiley
Attorney for Defendant