```
                    UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION


ROBERT GARDNER,                         Case No. 1:12-cv-1018

         Plaintiff,                     Grand Rapids, Michigan
                                        May 15, 2013
-v-                                     10:05 a.m.

MICHIGAN STATE UNIVERSITY               HON. PAUL L. MALONEY
BOARD OF TRUSTEES and
LOU ANNA SIMON,

         Defendants.
_____/


                 PLAINTIFF'S MOTIONS TO COMPEL
           BEFORE THE HONORABLE JOSEPH G. SCOVILLE
                UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

In Pro Per:          Mr. Robert Gardner
                     1625 Grovenburg Rd.
                     Holt, MI  48842
                     (517) 694-1760


For the Defendant:   Mr. Michael J. Kiley
                     Michigan State University
                     Office of the General Counsel
                     494 Administration Building
                     East Lansing, MI  48824-1046
                     (517) 353-3530
```

Patricia R. Pritchard, Certified Electronic Reporter
(616) 364-4943

1         Grand Rapids, Michigan

2         Wednesday, May 15, 2013 - 10:05 a.m.

3         THE COURT:  Case number 1:12-cv-1018, Robert Gardner
4  versus Michigan State University Board of Trustees, et al.  This
5  is the time set for a hearing on two motions to compel filed by
6  plaintiff.

7         Plaintiff appears in pro per.  Defendants appear
8  through counsel, Attorney Michael Kiley.

9         Mr. Gardner, I'm having a little trouble figuring out
10 what there is to decide here.

11        You have a motion to compel production of documents
12 and things, which is our Docket No. 23, and apparently the
13 subject matter of that motion is 12 document requests that you
14 served on March 11th of this year.  True?

15        THE PLAINTIFF:  Yes.

16        THE COURT:  Okay.  This 37 motion to compel
17 disclosures and modify the scheduling order to extend timelines.
18 You've attached -- it seems like you've attached the previous
19 March 11th request and you've attached some subpoenas, and I
20 really can't tell what this second motion is about.

21        What do you want in this second motion, number 37?

22        THE PLAINTIFF:  The second motion I'm asking for is
23 he didn't -- the disclosures, he only disclosed part of the other
24 -- he didn't do any disclosures relating to the doctorate
25 complaint, and so what I was striving to do was --

1               THE COURT:  Say that again?

2               THE PLAINTIFF:  He didn't -- to update his
3   disclosures.  It's to piggy back with the initial motion to
4   compel. He's only --

5               THE COURT:  Do you know what disclosures are?

6               THE PLAINTIFF:  Yes, it's, yes, I do, your Honor.

7               THE COURT:  26(a)(1) disclosures.

8               THE PLAINTIFF:  I'm not familiar with the
9   nomenclature but the disclosures are that he would identify what
10  people are and information is available for a particular part of
11  my complaint.

12              THE COURT:  Mr. Kiley, did you serve initial
13  disclosures, the witnesses that you would rely on, the documents
14  that you would rely on, et cetera?

15              MR. KILEY:  We did submit them.

16              THE COURT:  You did?

17              MR. KILEY:  Yes, your Honor.

18              THE PLAINTIFF:  They were incomplete in regards to
19  the doctorate which is part of the complaint.

20              THE COURT:  Incomplete with regard to what?

21              THE PLAINTIFF:  The doctorate part of my complaint.

22              THE COURT:  The doctorate?

23              THE PLAINTIFF:  Yes, but I have a two-prong -- my
24  complaint deals with educational and employment issues.  He
25  responded to the employment issues and claimed res judicata and

other things on my educational issues and did not provide any disclosure related to the educational issues nor any discovery, and that's what I'm here for, your Honor, is for help getting that information.

MR. KILEY: If I may, your Honor?

THE COURT: I'm still trying to figure out what the plaintiff is talking about here.

As I read your complaint you were working in 2011 with Gordon Henry and some other people and they made promises to you allegedly and you thought you were going to get a job with them in one of the university's programs, and then allegedly the defendants pulled the plug on that in retaliation for your having sued them earlier. Am I with you so far?

THE PLAINTIFF: Yes, that's the employment portion of my complaint, your Honor.

THE COURT: Now, where is the doctorate portion of your complaint? Where does that start?

THE PLAINTIFF: I reference it in the motion that you have with me.

THE COURT: No, I want to know from your complaint, what part of the complaint has to do with your --

THE PLAINTIFF: I refer to the doctorate on page nine, page ten, and

THE COURT: Okay, now when was it that you were seeking your doctorate?

1  THE PLAINTIFF: In 2009 we sought for readmission.
2  In 2010 and '11 we began a program working on my doctorate with
3  my PhD committee that was part, that was related to this
4  employment.
5  Page 12 is the relevant issues and I believe it's
6  included into a count, in Count 3.
7  THE COURT: So what is your claim with regard to the
8  doctorate?
9  THE PLAINTIFF: My doctorate -- is that the defendant
10  is hindering our ability to -- for me to seek and complete my
11  doctorate.
12  THE COURT: Please don't speak in the royal "we,"
13  okay --
14  THE PLAINTIFF: Sorry, your Honor.
15  THE COURT: -- because I don't know who you're
16  talking about when you say "our." The defendant is hindering
17  your ability to complete your doctorate?
18  THE PLAINTIFF: Complete and obtain my doctorate.
19  THE COURT: Michigan State is?
20  THE PLAINTIFF: Yes.
21  THE COURT: And what is your federal claim there?
22  THE PLAINTIFF: That I'm being discriminated and
23  retaliated because of a -- access to education because of my
24  previously filed Civil Rights complaint and discrimination
25  towards the program I --

Patricia R. Pritchard, Certified Electronic Reporter
(616) 364-4943

1    THE COURT:  You have a way of speaking very quickly.
2    THE PLAINTIFF:  I'm nervous, your Honor.  I'm sorry.
3    THE COURT:  Don't be nervous.
4    THE PLAINTIFF:  Okay.
5    THE COURT:  Mr. Kiley, was the defendant somehow
6    enrolled in PhD work in 2009-2010?
7    MR. KILEY:  No, not since 1998.
8    THE PLAINTIFF:  One of my alternatives, your Honor,
9    is in order to get the information in order to amend my complaint
10   to describe this better to date I haven't been able to get any
11   kind of request --
12   THE COURT:  Why would you need -- why would you need
13   discovery in order to know whether or not you were working on a
14   doctorate?  What discovery do you need to amend your complaint?
15   THE PLAINTIFF:  The discovery I need is my PhD files.
16   We did attempt to re-enroll.  We did attempt to complete my
17   doctorate.
18   THE COURT:  Who's "we?"
19   THE PLAINTIFF:  My PhD committee and myself.
20   THE COURT:  The whole --
21   THE PLAINTIFF:  Or, my PhD supervisor and myself and
22   several supportive professors.
23   THE COURT:  Okay.  And which one of the document
24   requests has to do with that?
25   THE PLAINTIFF:  If I may, your Honor, I'd like to

1  pull that.  Page nine, page ten of my plaintiff's first request
2  for production of documents and things.
3             I'd also like to, if appropriate, your Honor, that I
4  did ask for this stuff under Freedom of Information Act.  It was
5  denied, or they put a $4,000 bill, and one of the reasons I want
6  this information is in order to not only amend my complaint --
7  actually have an attorney amend it -- but to show that their FOIA
8  request was irrelevant and that is part of my complaint.
9             THE COURT:  Their FOIA request was irrelevant?
10            THE PLAINTIFF:  I'm sorry.
11            THE COURT:  You said "their FOIA request was
12 irrelevant."
13            THE PLAINTIFF: Just nervous rambling.  Therefore,
14 they do not -- they wanted a $4,000 bill for me to obtain my PhD
15 documents.  I would like to show that the documents that do
16 provide for my PhD was -- that the $4,000 bill was not
17 appropriate and a pretext for denying the FOIA request and
18 illegal.
19            THE COURT:  Well, you know, the federal courts don't
20 deal with state FOIA requests.  I see you have a FOIA count here
21 but there is the federal Freedom Of Information Act, which has to
22 do with federal agencies, and the state Freedom Of Information
23 Act that has to do with state agencies, and I don't think you're
24 going to persuade our court to get involved in a state Freedom Of
25 Information Act request.

1  THE PLAINTIFF: I'd like the opportunity to try.

2  THE COURT: Well, you can try anything you want but
3  that doesn't mean you're going to get any help.

4  THE PLAINTIFF: Right.

5  THE COURT: Where in your document request is there a
6  request for information about your pursuit of a PhD program in
7  the year 2010 or whenever you say you did it?

8  THE PLAINTIFF: Mr. Kiley's been implicated in
9  interacting with people to the negative. I wanted all the
10 communications between --

11 THE COURT: Where in here -- listen to the question--
12 where in here, point me to the number of the request that says
13 give me the file that has to do with my efforts to enroll in a
14 PhD program in 2010. Where's that?

15 THE PLAINTIFF: All these files that I'm asking for,
16 communications and files, relate to my attempt to get into the
17 doctorate.

18 THE COURT: But none of them ask that simple
19 question, right?

20 THE PLAINTIFF: They ask for the specific documents
21 that relate to that question.

22 THE COURT: Here's one. "Any communications from and
23 to MSU Attorney Kiley, Graduate Dean Karen Klomparens, Professor
24 Michelle Kaminski, Professor in the School of Labor and
25 Industrial Relations, about plaintiff."

1  That doesn't have anything to do with your attempts
2  to matriculate.
3       THE PLAINTIFF:  Yes, your Honor, it does because
4  there was an attempt with Michelle Kaminski to help me finish my
5  doctorate.  It was curtailed.  She also indicated she was ordered
6  not to work with me to finish my doctorate, and I was asking for
7  the communications in order to identify who told her what and why
8  she quit working with me.
9       THE COURT:  Well, how about a request that says all
10 communications from Professor Michelle Kaminski having to do with
11 me, plaintiff, and my ability to participate in the PhD program.
12      THE PLAINTIFF:  My only interactions with her was in
13 interacting with her with my doctorate.  That's the only --
14      THE COURT:  See, I'm supposed to know this and Mr.
15 Kiley is supposed to know this.  You've got this in your head but
16 any reasonable person reading these things, first of all, can't
17 understand them.
18      Secondly, cannot connect the dots of what any of your
19 requests have to do with this case.  And that's your burden, to
20 make it reasonably clear to me and to Mr. Kiley what these
21 documents you want have to do with this case.
22      And you're asking for everything in their files
23 without any specificity here at all.  To the extent that I can
24 understand these things I can't figure out what in the world they
25 have to do with this case.

1    As you say, there are two claims here.  One is this
2 employment thing and the other has to do with your efforts to get
3 your PhD, and I don't -- you ask for all the policies for the
4 Board of Directors or the Board of Trustees.  What that has to do
5 with anything in the case is beyond me.  It's too broad.
6    If they actually took the two months solid that it
7 would take to find all this stuff it would bury you, first of
8 all, it would fill up this room.  And, secondly, it wouldn't do
9 you any good because you're not going to live long enough to read
10 it all and neither am I.
11    So you need to know two things.  First of all, in
12 federal court you do not have the right to do discovery for the
13 purpose of amending your complaint since the year 2000.  The 2000
14 amendments to Rule 26 indicate that you can do discovery with
15 regard to the claims and defenses in the case.
16    26(b)(1), discovery regarding any non-privilege
17 matter that is relevant to any party's claim or defense.  Claim
18 or defense.
19    And the commentary says the rule change signals to
20 the Court that it has the authority to confine discovery to the
21 claims and defenses asserted in the pleadings, and signals to the
22 parties -- that's you -- that they have no entitlement to
23 discovery to develop new claims or defenses that are not already
24 identified in the pleadings.
25    So contrary to what you're saying here you do not --

1  just because I gave you a period of time to amend your complaint
2  didn't mean that I gave you the ability to pursue discovery for
3  purposes of amending your complaint.  I never said that.  You
4  were reading a whole bunch into the fact that I gave you time to
5  amend your complaint.
6           Without leave of court you don't have the right to
7  pursue discovery to develop new claims and defenses, and I'm the
8  last guy on earth who would give you that sort of leeway because
9  you've already sued these defendants a couple times already.
10          So your job is to know what your claims are when you
11 walk into court and then the law gives you the right to discovery
12 on those claims, not some other claims that you want to bring but
13 the claims that you have already articulated.  Number one.
14          Number two, you have to articulate these things
15 specifically.
16          Now, you're certainly entitled to discovery that
17 would show, number one, what your relationship was with Michigan
18 State in an employment situation.  Number two, why they decided
19 not to hire you if that's what they did.
20          Number three, what was going on in recent years with
21 regard to your PhD effort.  If there's a file or there are
22 applications, you have a right to those.  But you've got to ask
23 for those, not all communications between Professor X and
24 Professor Y having to do with a program.
25          THE PLAINTIFF:  Your Honor, may I get a pen from your

```
 1  court reporter.  I'm going to try to write this --
 2             THE COURT:  Well, I'm not trying to dictate to you
 3  what to say.
 4             THE PLAINTIFF:  Probably alleviate my nerves, okay.
 5             THE COURT:  I'm telling you --
 6             THE PLAINTIFF:  Yes.
 7             THE COURT:  -- that you have to -- you have to ask
 8  for specific categories of documents such that it'll be obvious
 9  to Mr. Kiley that this has to something to do with the case, and
10  it'll be obvious to me when you make a motion that this is
11  relevant to your case.
12             If you had asked for your application for the PhD
13  program in 2011, if that's what happened, you'd get it.  If you'd
14  asked for a file in the department -- I don't know what
15  department you applied to -- having to do with you and your
16  program you'd get that.  But that's not what you asked for.  You
17  asked these --
18             THE PLAINTIFF:  The consent.
19             THE COURT:  -- and, you know, Mr. Kiley's a lawyer
20  and what he says to his clients is generally privileged so you're
21  not going to be able to get into that as much as I know you'd
22  like to because you think he's been your nemesis.  If he is
23  advising his clients the law doesn't allow us to get into that.
24             Mr. Kiley, is there a file on Mr. Gardner in any
25  department that he either worked for or was seeking to study in?
```

1  MR. KILEY: I'm not aware -- first, I should say I'm
2  not aware of any file that he may be interested in that I know
3  about that hasn't been turned over. He hasn't been in a -- he
4  has no PhD committee. He hasn't matriculated in 13, 15 years.
5  The short answer is "no." I mean there's material
6  from the 1990s that he has.
7  THE COURT: We're not going to get into the 1990s.
8  Has he been communicating with professors about the possibility
9  of matriculating?
10  MR. KILEY: I asked that by way of a document request
11  and did not receive anything that would support that.
12  THE PLAINTIFF: Your Honor, may I object and show
13  papers to the contrary?
14  THE COURT: Don't -- don't interrupt. I didn't let
15  him interrupt you, did I?
16  THE PLAINTIFF: No, you didn't, your Honor. I
17  apologize.
18  MR. KILEY: I know that Mr. Gardner is on friendly
19  terms with a retired faculty member. I'm not aware of any
20  application, any letters to the department, any exchange of
21  documents related to possible study in a doctoral program, at
22  least not in the last few years.
23  THE COURT: See, those are the kind of things you can
24  ask for.
25  Number one, it's got to be limited in time.

1  Communications about possible doctoral studies with a particular
2  department.  Then Mr. Kiley can go to that department and say do
3  you have anything about Mr. Gardner.  Right now he has --
4  Michigan State is a big place.  He wouldn't know where to start
5  to get this stuff that you've asked for.
6          So the Court is committed to giving you fair
7  discovery --
8          THE PLAINTIFF:  Thank you.
9          THE COURT:  -- and so is Mr. Kiley.  He's got a lot
10 of cases in this court.  If there's something that you've asked
11 for specifically that's relevant he's going to give it to you.
12 He's not going to hide it.
13         You've made all kinds of accusations about him
14 conspiring against you.  I've never seen anything like that.
15 He's represented the institution in a lot of cases here, but
16 you've got to ask him for something that he can deal with.
17         Now, I am not going to give you an extension of time
18 to amend your pleadings.  You have not given me any good reason
19 why you couldn't have done that except you couldn't have done
20 that within the time allowed except that you wanted discovery,
21 and I've told you that the law doesn't allow you as a matter of
22 right to get discovery to amend your pleadings, not since the
23 year 2000.
24         If you had a claim that you wanted to bring you
25 certainly have enough information -- had enough information

within the time allowed to allege the facts underlying that claim.  You don't need to get into all their papers in order to allege whatever claim you think you have.  So I'm not going to extend that time.

Now, I still don't understand why you think that Mr. Kiley has not given you his initial disclosures.

An initial disclosure is a disclosure by a party of the documents and witnesses that support that party's case.  Not everything you want; that's discovery.  Disclosure is if we were going to try the case today what witnesses would I call and what documents would I introduce into evidence to support my case.

So it's sort of hard for me to believe that he hasn't given you his disclosures because those are the things that help him, just like your disclosures are the things that help you.

Now, what disclosures do you think he has not given you?

THE PLAINTIFF:  He's provided the disclosures related to the employment but nothing related to the doctorate portion of my complaint.

THE COURT:  That means then, if that's true, that he can't call any witnesses on that.

THE PLAINTIFF:  Okay.

THE COURT:  These are the things -- these are the witnesses he would call to refute your claim that you're seeking a doctorate.  It's not everything relevant to that claim.  You

1  have to ask for relevant things.  The disclosure is everything
2  that supports his case.
3              Now, I'm going to give you -- so I'm denying both
4  your motions.  I'm going to limit you to ten document requests
5  and that means ten.  You break these things down into A, B, C, D,
6  E.  This includes, this includes, these are all separate.  You
7  get ten.
8              And the reason I'm giving you ten is to discipline
9  you to ask for something specific, and you can waste those ten
10 however you want but if they're too broad and too unintelligible
11 just like the last ones I'm going to sustain the objection.
12             So what I want you to do is to think about what you
13 really need from Mr. Kiley and from Michigan State's records and
14 ask for those specific categories of documents.  Ten.
15             These things that go on for pages here, it's truly
16 ridiculous and there's, believe me, there's no judge who could
17 look at these things and come up with any idea of what you're
18 asking for and why it's necessary to get this stuff to prove your
19 case.
20             Current positions held by recent graduates sorted by
21 race.  There's no court on earth that's going to give you that,
22 sir.  You sat back and dreamed up the most burdensome classes of
23 information you could possibly think of and the Court's not going
24 to get involved in that.
25             THE PLAINTIFF:  Your Honor, what I was trying to show

1 is that every minority in that department has not gotten his
2 doctorate or a job and to show that there is a tendency towards
3 discrimination. It was asked and the reason I got it was off the
4 internet, someone had asked that. That doesn't make it relevant
5 or anything but that's --
6 　　　　　THE COURT: Well, the internet is a very -- the
7 internet is a very bad law school for you to attend. You
8 mentioned in here the internet says judges don't like discovery
9 disputes. That's wrong.
10 　　　　　THE PLAINTIFF: All right.
11 　　　　　THE COURT: That's part of my job. I don't like to
12 see discovery like that makes no sense. I don't like that. But
13 discovery disputes, that's just part of what the Court's here to
14 do. But it's got to be a real dispute about something that makes
15 sense.
16 　　　　　So I would suggest you not believe everything you
17 read on the internet.
18 　　　　　Mr. Kiley, is there anything in here that you
19 understood that you're still looking for?
20 　　　　　MR. KILEY: No. I did send a supplemental file --
21 　　　　　THE COURT: I saw that.
22 　　　　　MR. KILEY: -- on the employment side but I don't
23 know of anything else that, you know, I'm waiting for.
24 　　　　　THE COURT: Okay. So I'm denying both motions but
25 I'm giving you leave to propound ten more document requests. The

 1  more precise they are, the more clear they are, the easier it is
 2  for Mr. Kiley to understand them, or if he doesn't for me to say,
 3  yes, this is a valid request, give it to him, but I can't say
 4  that about any of these things.
 5          Now, you have a couple of motions that are going to
 6  be heard, subpoenas that you served on people.  I don't know
 7  anything about that but here's something about subpoenas.
 8          You as the subpoenaing party have an affirmative
 9  obligation not to unduly burden any non-party to this case, and
10  whatever you subpoena is at your expense.
11          THE PLAINTIFF:  Then I'll just pay the bill.
12          THE COURT:  So I don't know what these disputes are
13  about.  I'll decide them when they come before me but you should
14  be prepared to justify why you need the information subpoenaed,
15  why you're bothering a third party, and that's all I'll say about
16  that.
17          THE PLAINTIFF:  Thank you for that.
18          THE COURT:  Both of these motions are denied but I
19  will give you a chance to propound ten more specific document
20  requests, okay.
21          Mr. Kiley, were any of these subpoenas served on
22  parts of Michigan State or --
23          MR. KILEY:  No, your Honor.
24          THE COURT:  -- true non-parties?
25          MR. KILEY:  Correct.

1  THE COURT: And you've given them notice of the
2 hearing as I told you to?
3  THE PLAINTIFF: Yes, I have. I filed a proof of
4 service with the court clerk just the way you asked me to and
5 sent him a copy of the proof of service to look at, too.
6  THE COURT: All right. Thank you. Court's
7 adjourned.
8  MR. KILEY: Thank you, your Honor.
9  THE PLAINTIFF: Thank you, your Honor.
10  (At 10:33 a.m., proceedings adjourned)
11  - - - - -

# CERTIFICATE

I, Patricia R. Pritchard, CER 3752, Certified Electronic Court Reporter for the State of Michigan, do hereby certify that the foregoing pages, 1 through 20, inclusive, comprise a full, true and correct transcript, to the best of my ability, of the proceedings and testimony recorded in the above-entitled cause.

August 9, 2013                 <u>Patricia R. Pritchard /S/</u>
                                          Patricia R. Pritchard, CER 3752

Patricia R. Pritchard, Certified Electronic Reporter
(616) 364-4943