FILED - LN
August 15, 2013 1:18 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY dfw /     SCANNED BY

UNITED STATES FEDERAL COURT
IN THE WESTERN DISTRICT OF MICHIGAN

Robert Gardner                              File No. 1:12-cv-1018
    Plaintiff,

v.                                          Hon. Paul L. Maloney

Lou Anna Simon and the Michigan State University Board of
Trustees, et al.,
    Defendants.
_____/

Robert Gardner                              Michael J. Kiley P26387
In Propia Persona                           Attorney for Defendants
1625 Grovenburg Rd.                         426 Auditorium Road, Room 494
Holt, MI 48842                              East Lansing, MI 48824
(517) 927-4503                              517-353-3530
_____/

# Plaintiff's Response to
# Defendant's Motion to Strike Plaintiff's Response

    Defendant requests Plaintiff's second response to Defendant's Motion for Dismissal to be stricken. He especially denies the validity of the provided Circuit Court Judge's ruling that a retaliatory based conspiracy existed involving Michigan State University (MSU) and the State of Michigan that worked to again upend Plaintiff's Ph.D. endeavors, a pattern of disrespect. Obviously, the appropriate time to question the Circuit Court Judge's ruling is in later pleadings (The State of Michigan did not think there was merit in pursuing an appeal). It appears Defendant does not see this as a viable option.

    The facts of the case are before the court; Plaintiff is doing the best he can to present these facts appropriately given his lack of training. Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants, not a function of gamesmanship. The rules governing pleadings should not raise barriers which prevent the achievement of that end. Proper

pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment.

In this case, there was no way Plaintiff could have known about any limits on responses, he did not even know there existed a set of local Federal rules that govern this stuff. If he had been trained to know about these rules, he would have been trained to fashion an appropriate initial response. This is why the Courts allow Pro se pleadings to be considered without regard to technicality. It is the way of making the table even, to get the Court to look at the facts of the case without clouding these facts with the inability of the untrained Plaintiff to appropriately present the issues.

Obviously, Defendant was not planning on a response from Plaintiff. He was taking advantage of Plaintiff's lack of representation and legal training to make some allegations, somehow expecting that Plaintiff could conceivably think a Rule L.CivR7.2 would not allow him to refute them with facts. Plaintiff asks the Court to focus on the merits of the case, not the gamesmanship behind the pleadings. Regardless, L.CivR 7.2 (c) does NOT limit respondents to one response and actually allows the court to permit further briefing.

Dated August 15, 2013 by  /s/ Robert Gardner

Robert Gardner, pro per
1625 Grovenburg Rd
Holt, MI 48842
(517) 694-1760