UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ROBERT GARDNER,                               )
                                              )
       Plaintiff,                     )   Case No. 1:12-cv-1018
                                              )
v.                                            )   Honorable Paul L. Maloney
                                              )
MICHIGAN STATE UNIVERSITY, et al.,            )
                                              )   **MEMORANDUM OPINION**
       Defendants.                    )
_____)

       This is a civil action brought *pro se* by Robert Gardner against the Michigan State University Board of Trustees and its President. Plaintiff's complaint alleges seven counts under federal and state law. Part of the subject matter of this case concerns the disposition of a grant involving the Bureau of Indian Affairs (BIA), the Pokagon Band of Potawatomi Indians and Michigan State University. Plaintiff alleges that in December of 2011 he obtained "promises of support and funding" from the BIA contingent on his ability to get support for his program from a Michigan Native American tribe. He alleges that he formalized an agreement between himself, the BIA, the Pokagon Tribe, and his supervising MSU professor. He alleges that thereafter MSU and the Tribe breached the contract and kept the grant money for their own purposes. (Compl. ¶ II).

       On March 15, 2013, plaintiff issued a subpoena *duces tecum* to Victor Christiansen of the BIA requiring production of documents related to a grant awarded to the Pokagon Tribe on September 2, 2011. After service of the subpoena, attorney William Blake, Office of the Solicitor, U.S. Department of Interior, addressed a letter to plaintiff informing him that the BIA would not comply with the subpoena and that plaintiff was required to follow the so-called *Touhy* regulations

at 43 C.F.R. §§ 2.280-2.290. Mr. Blake sent a copy of the letter to the Clerk of the Court but filed no appearance or formal objection to the subpoena. On April 26, 2013, plaintiff filed a motion to compel compliance with the subpoena *duces tecum* by Victor Christiansen or his designee Anne Jennings. (Motion, docket # 29). On May 1, 2013, the court entered an order setting a hearing date for July 10, 2013, and directing plaintiff to serve a copy of the court's order on the subpoenaed parties, with proof of service. (Order, docket # 35). On June 10, 2013, the court conducted a hearing on plaintiff's motion to compel. Although the respondent had been properly served with the motion, no one from the BIA appeared at the hearing and no papers in opposition to the motion were filed. On June 10, 2013, the court entered an order directing that Victor Christiansen, Senior Policy Analyst for the Bureau of Indian Affairs, "comply with the subpoena duces tecum served on him by plaintiff dated March 15, 2013, upon penalty of contempt of court. All subpoenaed documents must be supplied to plaintiff no later than June 21, 2013." Further, the court ordered that plaintiff serve a copy of the court's order on Mr. Christiansen and on Robert Hall, counsel for the deponent. (Order, docket # 52). The entry of the enforcement order prompted the BIA's first formal filing, in which it requested an extension of time to respond to the court's order enforcing the subpoena.

On July 1, 2013, the BIA filed a motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure seeking relief from the court's order enforcing the subpoena and asking the court to quash the subpoena *duces tecum*. (docket # 66). The court conducted a hearing on the motion on September 19, 2013, at which an Assistant United States Attorney appeared on behalf of the BIA. For the reasons below, the motion to quash the subpoena *duces tecum* will be denied and the subpoena enforced.

**Discussion**

As an initial matter, it was unnecessary for the BIA to invoke Rule 60(b)(6) of the Federal Rules of Civil Procedure to seek relief from the order enforcing the subpoena. Routine discovery orders such as orders enforcing subpoenas, are not final, appealable orders. *See Fed. Ins. Co. v. Me. Yankee Atomic Power Co.*, 311 F.3d 79, 81 (1st Cir. 2002).[1] Under Fed. R. Civ. P. 54(b), any order that does not end the action as to all claims and parties may be revised at any time before the entry of a final judgment. Consequently, it was unnecessary for the BIA to invoke Rule 60(b), which applies only to motions for relief from final judgments.

The BIA's attempt to evade the command of a federal subpoena on the ground that plaintiff did not properly follow the BIA's *Touhy* regulations, however, is not persuasive. Virtually every federal agency has promulgated *Touhy* regulations pursuant to 5 U.S.C. § 301, "commonly known as the 'Housekeeping Statute.'" *Rimmer v. Holder*, 700 F.3d 246, 262 (6th Cir. 2012). Such regulations restrict the ability of department employees to produce documents or testify. *Id.* The BIA cites 43 C.F.R. § 2.281(b), which states:

> (b) No Department employee may testify or produce records in any proceeding to which this subpart applies unless authorized by the Department under §§ 2.80 through 2.90 *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

43 C.F.R. § 2.281(b). The scope of the regulation is defined in 43 C.F.R. § 2.280, and subsection (a)(4) asserts that it applies in federal judicial proceedings:

> (a) This subpart describes how the Department of the Interior (including all its bureaus and offices) responds to requests or subpoenas for:

---

[1] By contrast, orders enforcing *administrative* subpoenas are final orders, because there are no further proceedings to be conducted in the trial court. *See, e.g., United States v. Van*, 931 F.2d 384, 386 (6th Cir. 1991).

<pre>                                  * * *
        (4) Official records or certification of such records for use in Federal, State, territorial
        or Tribal judicial, legislative or administrative proceedings.
</pre>

43 C.F.R. § 2.280(a)(4).  Subsection (f) states: "This subpart only provides guidance for the internal operations of the Department, and neither creates nor is intended to create any enforceable right or benefit against the United States."  43 C.F.R. § 2.280(f).

Federal courts generally agree that sovereign immunity precludes a state court from enforcing a subpoena issued to a non-party federal government agency and that the same is true in a state court action removed to federal court. *See Ghorashi-Bajestani v. Bajestani*, No. 1:11-cv-295, 2012 WL 5205547, at * 3 (E.D. Tenn. May 3, 2012)(collecting cases); *In re Packaged Ice Antitrust Litig.*, No. 08-md-1952, 2011 WL 1790189, at * 3 (E.D. Mich. May 10, 2011)("While this Court recognizes that legitimate issues of sovereign immunity may be implicated where federal officials are responding to *state* court subpoenas, in a federal court action, sovereign immunity cannot bar a federal court from enforcing a federal subpoena against the federal government.")(citing *Watts v. Securities & Exch. Comm'n*, 482 F.3d 501, 509 n.1 (D.C. Cir. 2007)).

The rule is different, however, for federal court subpoenas.  The Eastern District's recent decision in *In re Packaged Ice* is instructive.  Judge Borman notes that in the 1990s, agencies had some success in persuading federal courts that "a proceeding under the APA, and the APA's 'arbitrary and capricious' standard of review, [was] the only avenue of relief even in federal court with respect to a federal subpoena."  2011 WL 1790189, at * 2.  The BIA relies on these early cases and generally ignores contrary authority supplied by more recent decisions.  Judge Borman noted in *In re Packaged Ice* that "[t]he Sixth Circuit has not expressly decided this issue."  2011 WL

1790189, at * 2. He then went on to explain why Rule 45 standards rather than administrative standards should govern the enforcement of a federal court subpoena:

> This Court concludes that the Sixth Circuit would join the opinions of those courts, mostly in this century, that have concluded that Federal Rule of Civil Procedure 45 and various available privilege rules provide sufficient limitations on discovery to adequately address legitimate governmental interests in objecting to a motion to compel compliance with a valid federal court subpoena. *See Watts*, 482 F.3d at 508 [](holding that "a challenge to an agency's refusal to comply with a Rule 45 subpoena should proceed and be treated not as an APA action but as a Rule 45 motion to compel" in which courts apply Rule 45 standards to "quash subpoenas that call for privileged matter or would cause undue burden"); *Exxon Shipping Co. v. United States Dept. of Interior*, 34 F.3d 774, 779, 780 n. 11 (9th Cir. 1994) (holding that "district courts should apply the federal rules of discovery when deciding on discovery requests made against government agencies, whether or not the United States is a party," recognizing that collateral proceedings under the APA, while authorized, are not mandated and are often costly and time-consuming.).

*In re Packaged Ice*, 2011 WL 1790189, at * 2; *see Beckett v. Serpas*, No. 12-910, 2013 WL 796067, at * 4 (E.D. La. Mar. 4, 2013)("When a subpoena is issued to a nonparty federal employee by a *federal* court, the courts have generally held that sovereign immunity does *not* preclude [enforcement of] the subpoena and that the party seeking enforcement is *not* required to file a separate suit under the Administrative Procedures Act.").

The Sixth Circuit's decision in *In re Bankers Trust*, 61 F.3d 465, 470 (6th Cir. 1995) provides significant guidance on how the Sixth Circuit would rule on this issue. The Court of Appeals noted that the statutory authorities allowing an agency to promulgate regulations "simply do not give it the power to promulgate regulations in direct contravention of the Federal Rules of Civil Procedure. . . . Section 301 [] is nothing more than a general housekeeping statute and it does not provide 'substantive' rules regarding disclosure of government information. . . . To allow a federal regulation issued by an agency to effectively override the application of the Federal Rules of Civil Procedure and, in essence, divest a court of jurisdiction over discovery, the enabling statute

must be more specific than a general grant of authority as found here. . . . Moreover, we find no compelling reason to discard the relatively straightforward discovery methods outlined in the Federal Rules of Civil Procedure simply because the [agency] has attempted to mandate a different procedure." *Id.* at 470-71.

The following statement from a D.C. Circuit case provides a concise summary of the rule applicable to a subpoena from a federal court:

> A federal-court litigant, on the other hand, can seek to obtain the production of documents from a federal agency by means of a federal subpoena. In federal court, the federal government has waived its sovereign immunity, *see* 5 U.S.C. § 702, and neither the Federal Housekeeping Statute nor the *Touhy* decision authorizes a federal agency to withhold documents from a federal court. *Exxon Shipping*, 34 F.3d at 777-78. To the extent that the Comptroller's regulation, 12 C.F.R. § 4.19 (1995), may be to the contrary, it conflicts with Federal Rule of Civil Procedure 45 and exceeds the Comptroller's authority under the Housekeeping Statute. See In re Bankers Trust Co., 61 F.3d 465, 469-71 (6th Cir. 1995).

*Houston Bus. Journal, Inc. v. Office of Comptroller*, 86 F.3d 1208, 1212 (D.C. Cir. 1996).

In the present case, the BIA virtually ignored this court's subpoena, in reliance on its *Touhy* regulations. When plaintiff moved to compel, the agency could have and should have appeared and asserted its regulations and any other objection it had to the subpoena. It did not do so. Months later, the agency seeks relief on the theory that sovereign immunity deprives the court of jurisdiction to enforce the subpoena and that the procedures set forth in the agency's *Touhy* regulations are plaintiff's exclusive recourse. Both propositions have been rejected by the federal courts in recent years. As these are the only objections raised in the agency's motion for relief from

the court's previous order, and no objection is asserted concerning the scope of the documents requested or their relevance to this case, the agency's motion will be denied.


Dated:   September 20, 2013         /s/  Joseph G. Scoville
                                    United States Magistrate Judge