UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT GARDNER, )
    Plaintiff, )
) No. 1:12-cv-1018
-v- )
) HONORABLE PAUL L. MALONEY
MICHIGAN STATE UNIVERSITY, )
    BOARD OF TRUSTEES, and )
LOU ANNA SIMON, )
    Defendant. )
_____)

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS**

    This lawsuit is at least the fourth in a series of state and federal lawsuits filed by Plaintiff Robert Gardner against Michigan State University's Board of Trustees and its president, Lou Anna Simon. Each suit stems from his tumultuous relationship with Michigan State University over the last twenty years. Plaintiff has repeatedly alleged that MSU and its officers are engaged in a widespread conspiracy to deprive Plaintiff of numerous opportunities, including the ability to earn a doctorate degree and work for or through MSU on various projects. He continually asserts that MSU's officers are motivated by discrimination or retaliation because he has complained about discrimination in the past; the storied history Plaintiff recounts in each suit dates back to 1993. Plaintiff has not prevailed on the merits in any of these lawsuits, including two dismissed by this Court in the last fourteen months. Undeterred by his losses, Gardner has filed two additional complaints with the EEOC and the Michigan Department of Civil Rights, alleging that he was denied employment yet again due to national origin discrimination and retaliation for previous complaints.

    This matter is before the Court now on Defendants MSU and Simon's motion for the imposition of sanctions. (ECF No. 148.) Defendants request sanctions under Federal Rule of Civil

Procedure 11, 42 U.S.C. § 1988, 42 U.S.C. § 2000e, and the Court's inherent power to impose sanctions to deter frivolous lawsuits. They request an award of $276.83 in costs, $4,660 in attorney's fees for 20 hours of work at $233 per hour, and an injunction requiring Gardner to attach copies of the opinions dismissing his two federal cases to any future complaints filed in any court. Plaintiff maintains that his suits were brought in good faith, and asks for an award of $150 in costs against MSU under 28 U.S.C. § 1927.

The Court has reviewed the record in this case, Gardner's prior case in front of this Court (*Gardner v. Michigan State University, et al.*, 1:11-cv-802), and the incomplete records of Gardner's state court cases attached to his response here (ECF No. 152-1, 152-2). This review reveals that an award of reasonable sanctions is warranted. Gardner's complaints are based on his unfounded conspiracy theories and not on any objective evidence. Gardner has never presented evidence that MSU's failure to hire him for various positions or allow him to complete his PhD program stems in any way from unlawful discrimination or retaliation based on any protected characteristic. Gardner has engaged in discovery multiple times, but has never found evidence of the conspiracies or discrimination he asserts. Plaintiff also has never appealed the judgments against him. Further, Gardner has had no contact with Defendant Simon in at least the last decade, but he has named her in her personal capacity repeatedly. Indeed, the Court noted the lack of support for Gardner's theory that Simon has been involved in the 2011 case, yet Gardner again pursued claims against Simon in his 2012 lawsuit.

Even more, Plaintiff has repeatedly falsely represented to this Court, various administrative agencies, and third parties that he is a professor, student, or employee of MSU, while he has not filled any of those roles since 1999. Finally, Gardner represents to this Court now that he prevailed in a lawsuit against MSU last year, and that "[a] Circuit Court Judge found the State of Michigan

2

guilty of retaliatory conspiracy with MSU." (ECF No. 152 at pg. 3.) However, the record available to this Court shows that in that case Defendants were granted summary disposition on Gardner's Elliott-Larsen Civil Rights Act, due process, and breach of contract claims, and that the court did not address the conspiracy claim. (ECF No. 152-2 at pg. 28.) The case later settled. (ECF No. 152-2 at pg. 29.) There is no evidence that the state court made a substantive ruling on the merits in Gardner's favor.

Ultimately, Mr. Gardner's repeated lawsuits have been frivolous and the Court has reason to believe that Plaintiff is frequently untruthful. Accordingly, the Court will grant appropriate sanctions to deter Gardner from filing frivolous lawsuits in the future. Because MSU has not followed the appropriate procedures for Rule 11 sanctions, sanctions will not be imposed under that framework. However, an award of costs and attorney's fees is appropriate for the prevailing party in the Court's discretion under 42 U.S.C. § 1988 for the § 1983 and § 1985 claims, and 42 U.S.C. § 2000e-5(k) for the Title VII claims. The Court will also invoke its inherent power to impose non-monetary sanctions to prevent the filing of frivolous lawsuits.

Courts, in their discretion, may award a prevailing party in a Title VII claim a reasonable attorney's fee as part of the costs under 42 U.S.C. § 2000e-5(k). Likewise, 42 U.S.C. § 1988 authorizes courts to award a reasonable attorney's fee as part of the costs to a prevailing party in an action to enforce various sections of the law, including § 1983 and § 1985 claims. However, a defendant may only recover costs from a plaintiff if "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978)). For the reasons discussed above, Mr. Gardner's lawsuit satisfies this standard and fees are warranted.

Defendants' counsel admits that he did not maintain time reports to track the hours he spent on this lawsuit, but asserts that he spent "well over 100 hours" defending the suit. However, he seeks only twenty hours of time, at the median billing rate for attorneys with comparable years of practice in the state: $233. This results in an attorney's fee award of $4,660. Yet defendants are not generally entitled to a fee award unless counsel adequately documented the time spent on the case. *See Roberts v. Nat'l Bank of Detroit*, 556 F. Supp. 724, 727 (E.D. Mich. 1983) ("It is clear that hours spent by an attorney in civil rights cases, when he is seeking fees . . . must be adequately documented to insure that all the hours claimed were actually spent.") Attorneys must submit the name of the attorney or other staff member who performed the services, the dates work was done, and the nature of the legal services rendered. *See Georgia-Pacific LLC v. Am. Int'l Specialty Lines Ins. Co.*, 278 F.R.D. 187, 192 (S.D. Ohio 2010). In-house attorneys are not exempt from these requirements. *Id.*

Further, the Court must also take into account the non-prevailing party's *pro se* status and ability to pay in determining the amount of the fee award. *See Roth v. Green*, 466 F.3d 1179, 1194 (10th Cir. 2006); *Barrett v. West Chester Univ. of Penn. of State Sys. of Higher Educ.*, 636 F. Supp. 2d 439, 445 (E.D. Penn. 2009) (collecting cases); *Moore v. Cnty. of Muskegon*, No. 1:93-cv-236, 1993 WL 13680880, at *3 (W.D. Mich. Dec. 14, 1993);*Ullman v. Superior Court of Penn.*, No. 13-5505, 2014 WL 1515616, at *5 (E.D. Penn. 2014) (slip op). The requested fee award of almost $5,000 seems excessive in light of Plaintiff's present financial condition. Plaintiff's affidavit of financial status, attached to his petition to proceed *in forma pauperis* in this suit, reveals that he is a self-employed farmer with a monthly income of $1,000, he has two children to support, and he is in a fair amount of debt. It appears that Plaintiff does not have the capacity to pay a nearly $5,000 award. Accordingly, the Court will order Plaintiff to pay $1,000 of the attorney's fees claimed by the Defendants. Plaintiff must also pay the Defendant's travel and transcript fees of $276.83. While

this does not fully compensate Defendants for their legal expenses, it promotes § 1988's general goal of discouraging frivolous litigation. *See Moore*, 1993 WL 13680880 at *3.

Further, Plaintiff's privilege of proceeding *in forma pauperis* in the federal courts is revoked for future lawsuits against MSU, its Board of Trustees, or Lou Anna Simon, until such time as Plaintiff pays this attorney's fees and costs award. Proceeding *in forma pauperis*, as Gardner has done in his two federal suits, is a privilege and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998); *see Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996). It is well established that federal courts have inherent power to impose appropriate sanctions to deter future frivolous lawsuits and vexatious relitigation of the same lawsuit. *See Cauthon v. Rogers*, 116 F.3d 1334, 1337 (10th Cir. 1997); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480, at *3 (6th Cir. Mar. 15, 1995); *Colbert v. Cincinnati Police Dep't*, 867 F. Supp. 2d 34, 36 (D.D.C. 2011). A court may deny a litigant the privilege of initiating any further actions *in forma pauperis*. *See Martin v. Dist. of Columbia Ct. of App.*, 506 U.S. 1, 3 (1992); *Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992).

Every paper filed with the Clerk of this court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. *See In re McDonald*, 489 U.S. 180, 184 (1989); *see also In re Whitaker*, 513 U.S. 1, 3 (1994); *In re Sindram*, 498 U.S. 177, 179-80 (1991) ("The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous [claims]"."). "'Frivolous, vexatious, and repeated filings by *pro se* litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit." *Levy v. Bloomingdales, Inc.*, No. 1:13-cv-128, 2014 WL 48112, at *5 (S.D. Ohio Jan. 7, 2014) (quoting *United States ex rel. Verdone*

5

*v. Circuit Court for Taylor Cnty.*, 73 F.3d 669, 671 (7th Cir. 1995)). "It is well-settled that a plaintiff's *pro se* status does not give him a license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Thanedar v. Time Warner, Inc.*, 352 F. App'x 891, 900 (5th Cir. 2009).

Federal district courts have inherent authority to take action to prevent abuse of the judicial system. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43045 (1991); *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997); *accord First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002). The court has considerable discretion to restrict a party's access to the courts. *See Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002); *Haddad v. Mich. Nat'l Bank*, No. 1:09-cv-1023, 2010 WL 2384535, at *2 (W.D. Mich. June 10, 2010). To impose such sanctions, the court must find that the litigant has acted in objective bad faith, vexatiously, wantonly, or for oppressive reasons. *Big Yank*, 125 F.3d at 313; *see Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003). A claim is brought in bad faith if it is frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Nabkey v. Gibson*, 923 F. Supp. 117, 122 (W.D. Mich. 1990). Although Gardner insists that his lawsuits have not been brought in bad faith, objectively they have been filed in bad faith because the claims were frivolous.

Finally, Plaintiff will attach this opinion and the opinions dismissing each of his federal cases to any future lawsuits filed against MSU, its Board of Trustees, or Lou Anna Simon, in any state or federal court. This requirement will remain in place even after Gardner pays the monetary sanction.

### ORDER

For the reasons discussed above, Defendants' motion for sanctions (ECF No. 148) is **GRANTED IN PART AND DENIED IN PART.**

Plaintiff is **ORDERED** to pay a total award for costs and attorneys fees of $1,276.83 to Defendants. Plaintiff is **BARRED** from filing another lawsuit against Michigan State, its Board of Trustees, or Lou Anna Simon *in forma pauperis* until this fee is paid. If a complaint is filed without an accompanying filing fee, the Clerk shall reject the filing. Plaintiff is **ORDERED** to attach a copy of this order and the orders dismissing his claims in *Gardner v. Michigan State University Board of Trustees and Lou Anna Simon,* 1:12-cv-1018 (ECF No. 146) and *Gardner v. Michigan State University, et al.*, 1:11-cv-802 (ECF No. 54) to all future lawsuits filed against these Defendants in any court.

**IT IS SO ORDERED**.


Date:  April 29, 2014                             /s/ Paul L. Maloney
                                                 Paul L. Maloney
                                                 Chief United States District Judge